AO 91 (REV.5/85) Criminal Complaint                          AUSA John G. McKenzie (815) 987-4444

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

UNITED STATES OF AMERICA

v.

ANTHONY ROSS

**CRIMINAL COMPLAINT**

CASE NUMBER: 15 CR 50017

I, JOHN D. RICHARDSON, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief, on May 28, 2015, in Rockford, in the Northern District of Illinois, Western Division, ANTHONY ROSS, defendant herein:

> knowingly and intentionally did possess with intent to distribute a controlled substance, namely cocaine (Schedule II), cocaine base (Schedule II), and heroin (Schedule I narcotic drug);

in violation of Title 21, United States Code, Section 841. I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

_____ Signature of Complainant
JOHN D. RICHARDSON
Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and subscribed in my presence,

May 28, 2015
Date

at Rockford, Illinois
City and State

IAIN D. JOHNSTON, U.S. Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

FILED
MAY 28 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES DISTRICT COURT ) | |
| ) ss | |
| NORTHERN DISTRICT OF ILLINOIS ) | |

## AFFIDAVIT

I, JOHN D. RICHARDSON, being duly sworn, state as follows:

1. I am a Senior Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed for approximately 13 years. I am currently assigned to the ATF's Chicago Field Division, Rockford Satellite Office and my responsibilities include the investigation of firearm and controlled substances offenses.

2. This affidavit is submitted in support of a criminal complaint alleging that ANTHONY ROSS violated Title 21, United States Code, Section 841. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging the defendant with possessing cocaine, cocaine base, and heroin with the intent to distribute, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. During the course of my employment with the ATF I have received specialized training in investigations involving illegal sales and importation of controlled substances by drug traffickers, financial investigative techniques involving money laundering and other related federal violations, and the illegal use and carrying of firearms during and in the course of drug trafficking. I have also received continuing education in the trafficking of controlled substances.

4. This affidavit is based on my personal knowledge and information provided to me by other law enforcement agents including ATF special agents and Winnebago County Sheriff's Deputies and Detectives.

5. On May 27, 2015, I obtained a search warrant for an apartment located on 23rd Street in Rockford, Illinois (hereinafter "Apartment A"). On May 28, 2015, other law enforcement officers and I executed the warrant. ROSS was arrested in the parking lot outside the apartment building. Inside Apartment A were a female and an infant.

6. When arrested, ROSS possessed three mobile telephones and those telephones were taken into evidence.

7. Inside the downstairs living room of Apartment A, officers found $1,205 in currency, a Browning 9 mm. semi-automatic pistol containing rounds of 9 mm. ammunition in the magazine, and 32 rounds of .357 caliber ammunition. In a drawer to a television stand in the living room, officers seized a digital scale and 16 grams (gross) of a white powdery substance that later tested positive for the presence of cocaine.

8. Inside the kitchen of Apartment A, officers found latex gloves, air filters to be used over the face, sandwich baggies, and a security safe. Inside the safe, officers located a digital scale, 8 grams (gross) of powder cocaine, 3 packages containing a total of 92 grams (gross) of cocaine base in the form of crack cocaine, and 2 packages containing a total of 32 grams (gross) of heroin. The packages inside the safe were later tested and found to be positive for the presence of the narcotic drug noted above. I am familiar with the appearance of crack cocaine/cocaine base and that is how I know it to be cocaine base. The field test on the cocaine base did not differentiate between cocaine power (HCl) and cocaine base/crack cocaine and only indicated that it was a form of cocaine. In the kitchen was a receipt for the purchase of a mattress that was in the name of ROSS and the address of Apartment A. A second receipt in the name of "Tony Ross" for $720 for rent was found in the kitchen. No address was listed on that receipt.

9. In the upstairs southwest bedroom, a gray shoebox was found in a dresser drawer. Inside the shoebox, officers found a Beretta .40 caliber semi-automatic pistol with .40 caliber rounds in the magazine, a second magazine loaded with .40 caliber rounds, 256 grams (gross) of a substance that was later tested positive for cocaine, and multiple empty miniature zip lock baggies. Inside that drawer were various items of men's apparel. The Beretta pistol was later found to have been reported as stolen. Found elsewhere in the bedroom were a prescription container bearing ROSS's name, envelopes addressed to ROSS at an address on Hinkley Avenue, a federal income tax return (Form 1040) for tax year 2014 for ANTHONY S. ROSS that contained an address on Hinkley Avenue in Rockford. I believe this to be the address of ROSS's mother. In the closet, officers found various items of men's clothing and a copy of a civil complaint filed by ROSS and another individual against the City of Rockford and other defendants and a newspaper containing an article on the lawsuit.

10. In a cabinet in the bathroom on the ground floor, officers found a pair of gloves and a face air filter mask. In a closet by the front door, officers found 2 boxes of latex gloves and an electronic scale.

11. Another officer and I went to the residence on Orchard Avenue in Rockford, Illinois (hereinafter "Orchard Avenue residence"). There, I obtained verbal and later written consent from a woman there to search the Orchard Avenue residence. The woman directed us to a downstairs basement bedroom and stated that ROSS kept his belongings in that bedroom. She also stated that ROSS had a key to the Orchard Avenue Residence and was frequently there. Officers and I recovered from the basement bedroom a shoebox containing ROSS's name and an address on Hinkley Avenue. Inside the box were 1,158 grams (gross) of a substance that appears to be cocaine.

That substance has not yet been field tested in order to preserve the packaging for a fingerprint examination. Also in the box were 214 grams (gross) of a substance that appears to be heroin. That substance has not yet been field tested in order to preserve the packaging for a fingerprint examination. On top of a dresser were several prescription containers in the name of ROSS, documents in the name of ROSS, and latex gloves. In an orange bag in the closet were numerous documents in the name of ROSS. In a dresser drawer were located unused baggies, scissors, and $95 in currency. Underneath the dresser was a ceramic plate with a steak knife and a razor blade containing white residue.

12. Later that morning, another officer and I interviewed ROSS at the Criminal Justice Center in Rockford. ROSS was advised of his *Miranda* rights. He said he understood his rights but declined to sign the waiver. During that interview, which was recorded, ROSS acknowledged that he went to Apartment A on a daily basis to check on the female occupant. ROSS stated that he kept things such as socks and underwear in Apartment A in order to change clothes. ROSS said he worked delivering newspapers.

13. I am generally familiar with the packaging, distribution and use of narcotic drugs including cocaine, cocaine base, and heroin. Packaging materials (such as miniature zip lock baggies and plastic baggies), scissors, razor blades, air filter masks, latex gloves, and digital scales, such as those found in Apartment A and at the Orchard Avenue residence, are all consistent with the repackaging and sale of controlled substances. I know that drug traffickers frequently deal in cash, both in purchasing and selling their drugs. I further know that drug traffickers frequently carry and possess firearms in order to protect their drug trafficking activities, drugs, and drug sales proceeds. I also know that drug traffickers commonly use cellular telephones and rental cars obtained in another

person's name in selling drugs. Finally, I know that the quantities of cocaine, cocaine base in the form of crack cocaine, and heroin that were found in Apartment A and in the Orchard Avenue residence are all indicative of someone who is selling, as opposed to merely using, those controlled substances.

In sum, I believe that there is probable cause to believe that the defendant, ANTHONY ROSS, did knowingly possess with intent to distribute a controlled substance, namely cocaine, cocaine base, and heroin.

JOHN D. RICHARDSON, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Subscribed and sworn to before me on May 28, 2015.

IAIN D. JOHNSTON
United States Magistrate Judge